## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### *Southern Division*

|   |   |   |
|---|---|---|
| | * | |
| **CLYDE PETERSON**, *et al.*, | | |
| | * | |
| **Plaintiffs**, | | |
| | * | |
| **v.** | | **Case No.: PWG-16-1947** |
| | * | |
| **PRINCE GEORGE'S COUNTY**, *et al.*, | | |
| | * | |
| **Defendants.** | | |
| | * | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

### MEMORANDUM OPINION AND ORDER

Officer David Gross shot Plaintiff Clyde Peterson once and Plaintiff Derrick Simmons seven times while Plaintiffs were sitting in a parked car in a parking lot on June 9, 2015.[1]  Am. Compl. ¶¶ 13–16, 25, 28–29, ECF No. 14.  At the time, Plaintiffs had not "raised, pointed or even held any firearm." *Id.* ¶¶ 17–18.  Officer Gross "exclaimed, 'Gun'" but did not "issue[] any verbal command for either Peterson or Simmons to raise their hands or take any other action engendered to assure the safety of the officers" or "alert Plaintiffs to the presence of law enforcement." *Id.* ¶¶ 17–20. During the incident, "Corporal Cheung stood at the back of the vehicle and took no action." *Id.* ¶ 23.

Plaintiffs filed a 42 U.S.C. § 1983 action against Officer Gross, Corporal Cheung, and Prince George's County (the "County"), for which the officers worked, alleging that the officers used excessive force.  Compl., ECF No. 1.  With regard to the County, Plaintiffs claim in Count

---

[1] At this stage of the proceedings, I accept the facts as alleged in Plaintiffs' Amended Complaint as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011).

II that it "has failed to adequately train, supervise, and discipline its officers against the use of excessive force" and "has instituted and maintained formal and informal customs, policies and practices that foster, promote and encourage officers to use excessive force." Am. Compl. ¶¶ 38, 39. They claim that the "pervasive" use of excessive force is "evidenced by the frequency with which claims have been filed in the United States District Court against the County for the same." *Id.* ¶ 41. They list sixteen cases filed in this Court against the County between 2007 and 2015. *Id.* ¶ 42.

The County notified the Court of its intent to file a motion to dismiss Count II, ECF No. 7, and the Court permitted Plaintiffs to amend the complaint to address the alleged deficiencies that the County identified in its pre-motion letter, cautioning that any subsequent dismissal would be with prejudice, ECF No. 13. Plaintiffs filed an Amended Complaint, and the County filed its Motion to Dismiss Count II, ECF No. 16, which the parties have fully briefed, ECF Nos. 17, 18. A hearing is not necessary. *See* Loc. R. 105.6. Because, at this preliminary stage, Plaintiffs have alleged plausibly that the County knew of, but failed to address adequately, a custom of its police officers to use excessive force, and Plaintiffs must establish the individual defendants' liability for excessive force in order to prevail on their excessive force claim, I will deny the County's motion, bifurcate the case with respect to the *Monell* claim, and stay discovery on it pending resolution of the excessive force claims against the individual defendants.

<u>Discussion</u>

Under Rule 12(b)(6), Plaintiffs' claim against the County is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to

relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "A claim has facial plausibility when the [claimant] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Rule 12(b)(6)'s purpose "is to test the sufficiency of a [claim] and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at \*4 (D. Md. Dec. 13, 2012) (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).

The County, as a unit of local government, is a "'person[]'" subject to suit under 42 U.S.C. § 1983, as stated in *Monell v. Department of Social Services*, 436 U.S. 658, 690–91 (1978). *DiPino v. Davis*, 729 A.2d 354, 368 (Md. 1999). But, "[u]nder *Monell*, a municipality's liability "arises only where the constitutionally offensive actions of employees are taken in furtherance of some municipal 'policy or custom.'" *Walker v. Prince George's Cty., Md.*, 575 F.3d 426, 431 (4th Cir. 2009) (quoting *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984)); *see Rockwell v. Mayor of Balt.*, No. RDB-13-3049, 2014 WL 949859, at \*11 (D. Md. Mar. 11, 2014) (citing *Walker*). Thus, a *Monell* claim is a form of § 1983 action under which a municipality, such as the County, is liable "where a policymaker officially promulgates or sanctions an unconstitutional law, or where the municipality is deliberately indifferent to the development of an unconstitutional custom." *Smith v. Ray*, 409 F. App'x 641, 651 (4th Cir. 2011). The government's policy or custom must have "played a part in the deprivation" underpinning the plaintiff's claim. *DiPino*, 729 A.2d at 369. The policy or custom may be "an express policy, such as a written ordinance or regulation"; a decision by "a person with final policymaking authority;" "an omission, such as a failure to properly train officers, that

manifest[s] deliberate indifference to the rights of citizens;" or "a practice that is so persistent and widespread as to constitute a custom or usage with the force of law." *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (internal quotation marks omitted)).

To state a *Monell* claim, a plaintiff must allege that "'(1) the municipality [had] actual or constructive knowledge of the custom and usage by its responsible policymakers, and (2) there [was] a failure by those policymakers, as a matter of specific intent or deliberate indifference, to correct or terminate the improper custom and usage.'" *Rockwell*, 2014 WL 949859, at *11 (quoting *Randall v. Prince George's Cty.*, 302 F.3d 188, 210 (4th Cir. 2002) (internal quotation marks omitted)). The plaintiff also must allege that there was "a 'direct causal link' between the policy or custom and the deprivation of rights." *Id.* (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 386–86 (1989)). Notably, "'there must be numerous particular instances of unconstitutional conduct in order to establish a custom or practice,'" because "[a] municipality is not liable for mere 'isolated incidents of unconstitutional conduct by subordinate employees.'" *Smith*, 409 F. App'x at 651 (quoting *Lytle v*, 326 F.3d at 473).

According to the County, "the Amended Complaint falls woefully short of demonstrating that Plaintiffs' alleged injuries were caused by a custom or practice of the County" because the allegations in Count II are "conclusory and speculative." Def.'s Mem. 5–6. As the County sees it, "[t]here are no facts supporting Plaintiffs' claim that the County had or acted with 'actual and/or constructive knowledge, and with deliberate indifference' to its police officers using excessive force against citizens." *Id.* The County acknowledges that Plaintiffs list cases dating back to 2007 in which individuals brought excessive force claims against Prince George's County police officers, but in the County's view, these cases "are either irrelevant because the same form of force was not used or a finding of excessive force was not made." *Id.*

Plaintiffs insist that, "[t]hough the identified cases did not result in a finding against the County, the share [sic] number of complaints made against the Prince George's County employees speaks to an underlying problem within the County." Pls.' Opp'n 5. But an unsubstantiated complaint in itself is not sufficient; there also must be a finding of excessive force. *See Amann v. Prince George's Cty., Md.*, No. DKC99-3759, 2001 WL 706031, at *2 (D. Md. June 15, 2001) (noting that "complaints filed in the other lawsuits" that have not been resolved are "mere allegations rather than notice of actual unconstitutional behavior"); *see also Ostroski v. Town of Southold*, 443 F. Supp. 2d 325, 346 (E.D.N.Y. 2006) ("The mere fact that a number of lawsuits have been filed, without any information as to whether the suits are meritorious or spurious, or alternatively, any evidence that the municipality ignored such complaints such that it constituted deliberate indifference to any potential problem of excessive force, does not assist a fact-finder in determining whether the [municipality] actually has a historical problem of its . . . officers using constitutionally excessive force in the performance of their duties."). Thus, the question is whether Plaintiffs identified a sufficient number of cases in which County officers were liable for excessive force, such that the County had knowledge of its officers' unconstitutional use of force but failed to address it.

In the County's view, the cases Plaintiffs cite also must be pared down to only those involving firearm use. Def.'s Mem. 5–6. Relying on *King v. McCown*, 831 F.2d 290, 1987 WL 38651 (4th Cir. 1987), the County insists that "the excessive [force] cases identified by Plaintiffs to support a *Monell* claim must be of the same nature to be discoverable and used as evidence at trial." Def.'s Reply 2. Certainly, in *King*, the Fourth Circuit concluded that the plaintiff was "not entitled to reports of excessive force that do not involve the use of a gun" because "[t]he gist of his complaint is deficient firearm training and failure of superior officers to correct improper use

of guns," such that "[l]imiting discovery to reports of shootings should not unduly hamper [the plaintiff]." 1987 WL 38651, at *2. As Plaintiffs note, however, the Amended Complaint in this case, unlike in *King*, alleges "a failure to 'adequately train, supervise, and discipline [County] officers against the use of *excessive force*'" in general, not firearms specifically, Plaintiffs assert that the listed cases are not irrelevant because they all "pertain to excessive force." Pls.' Opp'n 6 (quoting Am. Compl. ¶ 38) (emphasis added). Therefore, any findings of excessive force are relevant to whether the County knew about its officers' alleged pervasive use of excessive force. I will review the cases, all of which involved allegations of some form of excessive force.[2]

*Littlejohn v. Prince George's County, Md.*, No. PJM-07-1409; *Johnson v. Prince George's County, Md.*, No. DKC-10-582; *Ulloa v. Prince George's County, Md.*, No. DKC-15-257; and *Anderson v. Prince George's County, Md.*, No. TDC-13-1509, all settled. Prior to settlement in *Anderson*, the County filed motions to dismiss and for summary judgment, without success. Notably, in *Johnson*, the plaintiff offered five "notice of claim" letters that others had submitted to the County as evidence of the County's purported custom or practice, and the Court stated that "the mere existence of claims against Prince George's County does not establish the requisite widespread practice of approving excessive force." Mar. 1, 2011 Mem. Op. 24, ECF No. 29 in DKC-10-582. He also offered articles from the internet "about alleged police abuses in Prince George's County," which the Court said were unauthenticated hearsay. *Id.* at 25. Consequently the Court concluded that his claims could not survive summary judgment. *Id.* at 26. But, the plaintiff argued that he had not had the opportunity to discover "additional evidence on the customs, policies, and practices of the Prince George's County Police Department" such as "records of sustained claims, complaints, and lawsuits alleging false arrest and police brutality

---

[2] I take judicial notice of the docket entries and filings in these cases pursuant to Fed. R. Evid. 201(b)(2).

against the Prince George's County Police Department [as well as] training records and procedures and police department general orders," and on that basis, the Court denied the summary judgment motion as premature. *Id*. at 28.

In *Hirpassa v. Prince George's County, Md.*, No. RWT-09-2631; *Cole v. Prince George's County, Md.*, No. AW-10-70; and *Dodson v. Prince George's County*, No. GJH-13-2916, three other § 1983 actions for excessive force based on fatal shootings of civilians by County police officers, the Court granted summary judgment for the defendant officers, concluding that their use of deadly force against the decedent was objectively reasonable. Likewise, in *McGainey v. Prince George's County*, Md., No. JKS-12-2080, and *Whitley v. Prince George's County*, Md., No. GJH-12-3428, the Court granted summary judgment in the defendant officers' favor on the excessive force claims. In *Okezie v. Prince George's County, Md.*, No. DKC-13-168, the jury returned a verdict in the defendant officers' favor. *Chestnut v. Prince George's County*, No. AW-10-583, was dismissed for discovery violations before reaching the merits of the excessive force claims. In *Taylor v. Prince George's County, Md.*, No. DKC-13-1678, the parties filed a stipulation of dismissal. *Shuler v. Prince George's County*, No. PWG-13-3373, was dismissed for failure to prosecute.

The three most recent cases remain pending. The excessive force claims in *Queen v. Prince George's County*, No. PWG-14-2941, based on a police officer striking the plaintiff in the face, survived summary judgment, and trial is set for August 29, 2017. In that case, the County did not move to dismiss a similar *Monell* claim, in which the plaintiff alleged that "[a]t least ten other individuals have filed claims against Prince George's County between 2002 and 2014, alleging that Prince George's County police officers have used excessive force and have arrested and incarcerated Prince George's County residents without probable cause." In *King v. Prince*

*George's County*, No. PJM-15-1405, the Court denied the motion to dismiss the *Monell* claim

against the County and bifurcated the claim; the defendant officers' summary judgment motion

is pending.  In *Goines v. Prince George's County*, No. RWT-16-463, although the Court granted

the motion to dismiss the *Monell* claim against the County,[3] the excessive force claims remain

and discovery has not yet concluded.

Relevantly, in *Cole*, *Johnson*, *Okezie*, *Taylor*, *Dodson*, *Queen*, and *King*, the Court

bifurcated and stayed the *Monell* claims against the County pursuant to Rule 42(b), because

those claims could continue only if the officers' use of force was unconstitutional.  "For

convenience, to avoid prejudice, or to expedite and economize, the court may order a separate

trial of one or more separate issues [or] claims . . . ."  Fed. R. Civ. P. 42(b).  The Court may

bifurcate claims *sua sponte*.  *Costa Cruises, Inc. v. Caribbean Tours & Cruises, Inc.*, 796 F.2d

472, 1986 WL 217563, at \*2 (4th Cir. 1986) (Table); *In re All Asbestos Cases Pending in the*

*U.S. Dist. Court for the Dist. of Md.*, No. BML-1, 1983 WL 808161, at \*4 (D. Md. Dec. 16,

1983).

> The determination of whether bifurcation is appropriate is fact specific. *Dawson v. Prince George's County, et al.,* 896 F. Supp. 537, 540 (D. Md. 1995). Bifurcation is fairly common in § 1983 cases where a plaintiff has asserted claims against individual government employees as well as the municipal entity that employs and supervises these individuals. *See id.* at 539–40; *see also Ransom v. Baltimore County, et al.,* 111 F. Supp. 2d 704, 708 (D. Md. 2000); *Marryshow v. Bladensburg, et al.,* 139 F.R.D. 318, 318–19 (D. Md. 1991). Under § 1983, municipalities are directly liable for constitutional deprivations only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury...." *Monell, et al. v. Dep't of Social Servs., et al.,* 436 U.S. 658, 694 (1978); *Spell v. McDaniel, et al.,* 824 F.2d 1380, 1385 (4th Cir. 1987). Municipal liability in this context is thus dependent on an initial finding that a government employee violated a plaintiff's constitutional rights. *Beasley v. Kelly, et al.,* CIV. A. DKC 10–0049, 2010 WL 3221848, at \*3 (D. Md. Aug. 13, 2010)

---

[3] The same firm represents the plaintiffs in *King* and *Goines* and the *Monell* claims were virtually identical.

> (citing *Dawson,* 896 F. Supp. at 540). Section 1983 cases are good candidates for bifurcation because a subsequent trial of the municipality is necessary only if the government employees are found liable. *Id.*

*Okezie v. Prince George's Cty., Md.*, No. CBD-13-0168, 2014 WL 1334188, at *1 (D. Md. Apr. 1, 2014).

Although Plaintiffs did not identify any cases in which County officers were found liable on excessive force claims, four of the cases Plaintiffs identified settled, such that the truth of the excessive force claims is unknown. And, in two of those cases, *Johnson*, DKC-10-582, and *Anderson*, TDC-13-1509, the claims against the County (which had fewer allegations of the County's customs and practices) survived the County's motions for summary judgment. Also, three of the cases Plaintiffs cited remain pending, and for one of those, King, No. PJM-15-1405, the *Monell* claim survived the County's motion to dismiss; in another, *Queen*, PWG-14-2941, the County did not move to dismiss it. Considering these circumstances as a whole, I find that, at this preliminary stage, Plaintiffs have alleged plausibly that the County knew of, but failed to address adequately, a custom of its police officers to use excessive force over the course of several years.

Consequently, it is premature to dismiss the *Monell* claim at this time. Indeed, while the County argues that Plaintiffs fail to include any allegations about the training that the County provided and how it was inadequate, relying only on the facts "surrounding [their] own injury and arrest," Def.'s Mem. 5–6 (quoting *Ross v. Prince George's Cty., Md.*, No. DKC 11-1984, 2012 WL 1204087, at *9 (D. Md. Apr. 10, 2012)), Plaintiffs counter that the evidence they need to "conclusively establish [a] pattern of behavior by officers of the Prince George's County Police Department is exclusively in the custody and control of the Defendants." Pls.' Opp'n 6. This Court has bifurcated § 1983 cases under these circumstances so that the plaintiffs may

discover this evidence if they establish the defendant officers' liability for excessive force. *E.g.*, *Okezie*, 2014 WL 1334188, at *1–2 (bifurcating and citing cases); *Cole v. Prince George's Cty., Md.*, No. AW-10-70, 2010 WL 3169843, at *4 (D. Md. Aug. 10, 2010) (noting that "Plaintiff's bald allegations do not appear to be sufficient to plead a *Monell* claim," but denying Defendant's motion to "dismiss this claim without first giving Plaintiff an opportunity to conduct discovery on the reasonableness of Defendant officers' actions"). I will bifurcate the *Monell* claim and stay discovery on it, pursuant to Rule 42(b). *See* Fed. R. Civ. P. 42(b); *Okezie*, 2014 WL 1334188, at *1–2; *Cole v.*, 2010 WL 3169843, at *4. If Plaintiffs prevail on their excessive force claims, litigation will resume with regard to the County.

## ORDER

For the reasons stated in this Memorandum Opinion and Order, it is, this <u>21st</u> day of <u>June</u>, <u>2017</u> hereby ORDERED that

1. Prince George's County's Motion to Dismiss, ECF No. 16, IS DENIED;

2. Count II against Prince George's County IS BIFURCATED from the other claims and discovery with regard to Count II IS STAYED pending resolution of the remaining claims.

I will schedule a status conference with regard what discovery remains in this case, as I issued a Scheduling Order on October 28, 2016, ECF No. 12, and directed the parties to proceed with discovery in part on November 3, 2016, ECF No. 13.

_____/S/_____
Paul W. Grimm
United States District Judge

lyb